Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50257.**—Protests 61227–K, etc., of Manhattan Novelty Co. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JUNE 14, 1945

**No. 50258.**—Protests 65128–K, etc., of Garden State Tanning Co. et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise is similar in all material respects to the hides involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807). In accordance therewith the claim at 10 percent under paragraph 1530 (a) was sustained.

BEFORE THE THIRD DIVISION, JUNE 14, 1945

**No. 50259.**—Protest 989751–G of California Ship Supply Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the merchandise in question consists of Edam cheese similar in all material respects to that passed upon in Abstracts 42146 and 42309, which records were incorporated herein. In accordance therewith it was held that an allowance of 1 percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the foreign substance on the outside. The protest was sustained to this extent.